**Antonio Serna TALAVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00012–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 13, 1982.

Adolfo Quijano, Jr., El Paso, for appellant.

George Rodriguez, Jr., County Atty., Christine Pacheco, Asst. County Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

The Appellant was convicted of the offense of resisting arrest in a bench tried case and sentenced to 180 days in jail. We affirm.

The Appellant's lone ground of error asserts the evidence was insufficient to prove the offense charged. The information charged the Appellant with using force to prevent police officers from effecting the arrest and search of the Appellant.

On July 20, 1979, Officers Duillo and Limas answered a disturbance call in downtown El Paso and when they arrived, they found Appellant on the street in front of

1. Being unaware of the change in the Texas Rules of Civil Procedure.

the Green Lantern Bar covered in blood and intoxicated. After being advised by Appellant that he did not need any medical attention, the officers told Mr. Talavera to go on home. He refused and went next door to the New Mint Bar and began to argue with another person. Twice more, the officers advised him to leave and go home. He again refused.

The two officers then told Mr. Talavera that he was under arrest and they began to put handcuffs on him. The Appellant started fighting and kicking, and it was necessary for the officers to use force to detain him, to put on handcuffs and to hold him in the car on the way to the jail. There was no struggle until after the officers told the Appellant he was under arrest, and the resistance took place as the officers attempted to put on handcuffs and load him into the police car.

Article 38.03, Tex.Penal Code, provides that a person commits an offense if he intentionally "prevents or obstructs" a peace officer from effecting an arrest or search. Appellant contends that this section of the Code enumerates two different offenses, i.e., one for preventing an arrest and one for obstructing an arrest. He argues that he may have obstructed an arrest, but that the arrest was made and he did not "prevent" an arrest as was charged in the information.

Certainly, the officers did testify that they made an arrest and that no contest was made or force used by any party until after they told Appellant he was under arrest. But, Article 15.22, Tex.Code Crim. Pro., provides that a person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant. In this case, the Appellant was under no restraint when the officers told him he was under arrest. Neither was he in custody at that time. When the officers

began to place the handcuffs, a form of restraint, on Appellant the struggle began. There was resistance at that time, and the physical restraint resulting from the attachment of the handcuffs was accomplished only after Appellant had fought and struggled with the officers. That force constituted resistance and was an effort to prevent the arrest.

In *Humphreys v. State*, 565 S.W.2d 59 (Tex.Cr.App.1978), the Court upheld a conviction for resisting arrest where the officer had to wrestle the defendant to the ground in order to put handcuffs on him. In that case, as in this one, the officer told defendant that he was under arrest before any struggle began. But, the spoken word did not make the arrest complete. It was the restraint that completed the arrest. Also see: *Washington v. State*, 525 S.W.2d 189 (Tex.Cr.App.1975).

*Young v. State*, 622 S.W.2d 99 (Tex.Cr. App.1981), is not applicable. In that case, the officers made the arrest, put handcuffs on the defendant and took him to a security office without any apparent problem. The arrest was completed and defendant was placed under restraint without any resistance. But later, when the officers were changing the handcuffs, a struggle ensued. The Court held there was insufficient evidence to establish the offense charged for resisting arrest. In the case now before the Court, the struggle and resistance to prevent the restraint occurred prior to the completion of the arrest, and not after the arrest as in the *Young* case.

Ground of Error No. One is overruled. The judgment of the trial Court is affirmed.