**Marilyn Ruth WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–95–00078–CR.

Court of Appeals of Texas,
Tyler.

May 31, 1996.

Rehearing Overruled July 31, 1996.

Frank Supercinski, Longview, for Appellant.

Robert L. Smith, Henderson, for State.

HOLCOMB, Justice.

This is an appeal from a jury conviction for the misdemeanor offense of resisting arrest. The jury assessed punishment at one year's confinement in the county jail, probated for two years. Appellant, in addition to challenging the sufficiency of the evidence, alleges the court erred in failing to submit a charge to the jury on a lesser included offense and allowing improper jury argument. We will **affirm.**

We first consider Appellant's third point of error which challenges the sufficiency of the evidence. According to the record, Officer James Young testified that he was a patrolman with the Overton Police Department. At approximately 9:30 on the morning of September 21, 1994, Patrolman Young parked his patrol car so that he could observe the only four-way, red-flashing stoplight in Overton. Young observed Appellant do a "Hollywood stop" by rolling through the stop sign without stopping. As Young approached Appellant and introduced himself, Appellant responded, "I know who the hell you are. Why are you stopping me?" Young explained to Appellant that she was being stopped for running the stoplight. After obtaining her driver's license, Young

asked Appellant to stay in her car. While waiting for the driver's license check, Appellant got out of her vehicle, went back to the police car, and again asked, "Why did you stop me?" Young responded, "You ran the stop sign. Go back to your car." Appellant stated, "I'm not going to sign any tickets. I'd rather go to jail," to which Young replied, "That's fine. Just go back to your car." Appellant refused and repeated her assertion that she would not "sign any damn ticket and would rather go to jail." Young told Appellant that that was fine, but that Appellant needed to remain in her car. Appellant then told Young that she was going to make a phone call to make arrangements for her car and started walking away. Young told Appellant she could not just leave and come back and go to jail when she wanted to, but that she would have to stay until he finished. Young followed her and told her to "get back over there," but Appellant continued on. At this point, Young held Appellant by the arm and told her she was being detained. Appellant jerked away and continued walking. After again catching up with Appellant, Young then told her she was under arrest. When Young attempted to handcuff Appellant, she turned and struck Young ten to thirty times with her hands. Young used pepper spray to subdue Appellant. Resistance ceased at that point, and Young was then able to handcuff Appellant.

A local physician, Dr. Richard Tyer, testified at trial. At the time of the incident in question, Tyer was driving through the intersection and had observed the exchange between Young and Appellant. Tyer testified that he saw Young following Appellant, talking to her, Appellant striking Young, and Young spraying Appellant.

Appellant argues the evidence is insufficient to show that she intentionally resisted arrest since she had agreed to accompany Young to the police station. Appellant denied that she struck Young and testified that she had agreed to go with Young; that she was not resisting arrest when she was walking to make arrangements for her car; and that Young had sprayed her for no reason. She also denied that Young told her that she was under arrest or to stay in her vehicle.

Our task in reviewing the sufficiency of the evidence is to view all the evidence, but in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt from the evidence presented. *Jones v. State*, 833 S.W.2d 118, 122 (Tex.Cr.App.1992), *cert. denied*, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest or search of such person or another person by using force against the peace officer. TEX.PENAL CODE ANN. § 38.03(a) (Vernon 1994). It is no defense that the arrest or search was unlawful. TEX.PENAL CODE ANN. § 38.03(b). "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." TEX.CODE CRIM.PROC.ANN. art. 15.22 (Vernon 1977). "It is not the actual physical taking into custody that will constitute an arrest. An arrest is complete whenever a person's liberty of movement is restricted or restrained." *Hardinge v. State*, 500 S.W.2d 870, 873 (Tex.Cr.App.1973). Merely making a statement to an accused that he is being detained, stopped, or under arrest is insufficient to actually complete the arrest since the arresting officer has to assume custody and control over the party being arrested. *Smith v. State*, 153 Tex.Crim. 230, 219 S.W.2d 454 (1949). Whether a person is under arrest is determined by viewing all the circumstances surrounding the incident to decide if a reasonable person would have believed he was not free to leave. *Gilbreath v. State*, 412 S.W.2d 60, 61 (Tex.Cr.App. 1967). In a case similar to the one at bar, two officers told the defendant, Talavera, that he was under arrest and then attempted to restrain Talavera. *Talavera v. State*, 626 S.W.2d 618, 619 (Tex.App.—El Paso 1982, no pet.). Talavera began fighting and kicking the officers to prevent the arrest. Talavera's actions constituted resisting arrest under section 38.03(a). *Id.*

From a reading of the evidence before us in the light most favorable to the verdict, it is clear that even though the Appellant was free to sign the ticket and leave, she had made known her determination that she would go to jail before she would sign the ticket. After this, Young repeatedly told her to return to her car while he made the driver's license check. When Appellant attempted to leave, Young told her to go back to the car and that she was being detained. Then Appellant took her arm and told her that he was placing her under arrest. There was sufficient evidence that the jury could have believed Appellant knew she was being arrested. Appellant's use of force in striking Young to obstruct and prevent her from being placed in physical custody constitutes the offense of resisting arrest.

■ Appellant contends that she did not commit the offense of resisting arrest because neither pulling away from an officer nor fleeing after being arrested constitutes "using force against the peace officer." Merely pulling away from a peace officer is not using force against a peace officer. *Raymond v. State*, 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref'd). Similarly, trying to flee does not involve sufficient force directed at a peace officer to sustain a conviction for resisting arrest. *Leos v. State*, 880 S.W.2d 180, 184 (Tex.App.—Corpus Christi 1994, no pet.). Appellant's contention is without merit.

In the present case, both Young and Tyer testified that Appellant repeatedly struck Young. No reading of the evidence supports Appellant's contention that she merely pulled away or fled from Officer Young.

■ Appellant has argued the inferences that could be made from the evidence that she had no intent to resist arrest; however, when inferences raised by the evidence are in conflict, we "must presume that the trier of fact resolved any such conflict in favor of the prosecution and must defer to that resolution." *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Cr.App.1993). The evidence viewed in the light most favorable to the verdict is such that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. We overrule Appellant's third point of error.

■ In her first point of error, Appellant contends that the trial court erred in refusing to submit to the jury a charge for Class C assault as a lesser included offense of resisting arrest. Appellant timely requested a charge to the jury on Class C misdemeanor assault. In her brief, Appellant failed to indicate upon which provision of Penal Code section 22.01 she relied. However, from reading the requested charge, we determine Appellant relied upon subsection (a)(3) which reads: "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX.PENAL CODE ANN. § 22.01(a)(3) (Vernon 1994). The trial court refused to submit the requested charge.

Appellant argues that a jury could rationally believe that Appellant never intended to resist arrest because she told Young she would go with him, and that she was not leaving the scene, but was only going to make a call at a nearby store for someone to pick up her car. We disagree.

■ If there is any evidence that raises a lesser included offense from whatever source, the trial court must instruct the jury on the lesser included offense. *Gibbs v. State*, 819 S.W.2d 821, 831 (Tex.Cr.App.1991), *cert. denied*, 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992). However, the lesser included offense is not raised unless the trial court finds the following:

> . . . first, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in *the record that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

*Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Cr.App.1993), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). The trial court should make a determination as to whether the evidence of the lesser included offense would be sufficient for a jury rationally to find that the defendant is guilty only

of that offense and not the greater offense. *Id.*

Even if the actions of the Appellant in striking the officer constituted only an offensive touching and thereby satisfied the first prong of the *Rousseau* test, Appellant did not satisfy the second prong because Appellant admittedly knew that Young was a peace officer. There was no evidence that Appellant was *guilty only* of the Class C misdemeanor, offensive touching. In order for Appellant to be entitled to an instruction on assault, there would have to be some evidence either that Young was not a peace officer or that Appellant did not know that he was a peace officer. We overrule Appellant's first point of error.

 In point of error number two, Appellant complains the trial court erred by overruling Appellant's objection to the State's argument that the Legislature was considering a concealed handgun law.

Throughout the trial and closing argument, Appellant denigrated the Overton Police Department, implying misconduct by such department. During closing argument, Appellant's counsel stated, "But I'm going to say that you might receive some kind of appeal [by the prosecutor] of, well, we've got to support the police and we've got to ... for this type of thing." More specifically, "But you're not ever required to support a policeman who ... just knocks the heck out of somebody," and, "You don't have to support any program of intentionally fleecing the citizens of twelve thousand dollars a month," and "... this is not a police state even for traffic tickets." Thereafter, the State argued:

> Ladies and Gentlemen, yes, I'm also going to talk about law enforcement because our country is getting in such a situation that our legislature right now is talking about everybody carrying guns because we can't do anything about—

APPELLANT'S TRIAL COUNSEL: Judge, we'll object to any interjecting of anything about the legislative body. That's a fact outside the record.

THE COURT: Overruled.

TRIAL COUNSEL: Okay.

PROSECUTOR: The law enforcement is unable to keep up with the crime now. True, this is not a major crime as far as a murder, robbery, that sort of thing, but it is the sort of morality that destroys our country from underneath. It gets in like termites and eats away.

Appellant argues that the State's assertion that the Legislature was considering a concealed handgun law is a matter outside the record, and as such, is error. Appellant further contends that allowing the State's argument to stand, in all probability, contributed to either the conviction or the punishment assessed. We disagree.

 Proper jury argument falls into four categories: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Cr.App.1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). In *Allridge*, the court pointed out that while error does exist when facts outside the record are argued, such error is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial. *Id.*

In the present case, the prosecutor's statements were a reasonable response to the statements of Appellant's counsel. The State's counsel began the complained-of remarks by stating, "Ladies and Gentlemen, yes, I'm also going to talk about law enforcement...." The State's argument was also a plea for law enforcement, arguing that crime in our country had reached a point that the Legislature was at that time considering a Bill allowing the carrying of concealed handguns. We hold that the State's argument was not improper, but constituted a response to the remarks of Appellant's counsel and were pleas for law enforcement. Additionally, any error was harmless because, in light of the record as a whole, there is no reasonable probability that the argument complained of might have contributed to the conviction or the punishment assessed.

**48**

The judgment of the trial court is affirmed.