Date issued September 26, 2002










 


 
 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01023-CR

____________


JACOB ALVIN SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 873209







O P I N I O N

 Jacob Alvin Smith, appellant, was convicted of burglary of a habitation. (1) A
jury found two enhancement paragraphs true and assessed punishment at 50 years
confinement. We affirm.

Facts

 At approximately noon on March 26, 2001, Arnold Thompson walked toward
his house from his backyard. When Thompson was approximately 40 feet from his
porch, he saw appellant step off the porch carrying two blankets that were tied and
slung over his shoulder. Thompson recognized the blankets as blankets that belonged
to him. When appellant saw Thompson, he ran across the street into a vacant lot. 
Thompson picked up a mop handle and chased appellant, and appellant stopped and
confronted Thompson. Appellant reached into his pocket and said, "I'm fixing to cut
your ass up."

 Thompson's neighbor, Melvin Benjamin, saw the men and ran to Thompson's
aid, carrying an ax handle. Benjamin saw appellant holding a knife. Appellant ran
away, leaving the blankets and their contents. The items contained in the blankets
were taken from Thompson's home.

 For the next five evenings, Thompson drove through his neighborhood and
searched for appellant. Thompson saw appellant, and he drove to the police station,
informed police, and returned to that location with the police. Thompson identified
appellant, and appellant was arrested. Officer Kira Webster conducted the follow-up
investigation, and Thompson and Benjamin both identified appellant in a photo array.Voir Dire

 In his second point of error, appellant argues that the trial court made improper
statements during voir dire that informed the venire panel of his prior criminal record.
Specifically, appellant contends the trial court's statements violated article
36.01(a)(1) of the Code of Criminal Procedure by indirectly informing the venire
panel of the specific allegations contained in the enhancement paragraphs. Section
36.01(a)(1) prohibits reading an indictment's enhancement paragraphs before the
punishment stage. (2) The trial court read the indictment during voir dire, but it did not
read the enhancement paragraph of the indictment at any time prior to the punishment
phase. The trial court, however, did make the following statement during voir dire:

Now, a burglary in Texas, as I said, is a second degree felony. So you're
looking at a minimum of 2 years in prison all the way up to 20 years in
prison and a fine may be assessed not to exceed $10,000.


In some cases, under some circumstances, if you had a Defendant who
had one prior felony conviction, the minimum range then bumps it up to
a first degree felony, which the minimum would be 5 years in prison, all
the way up to 99 years or life and a fine of $10,000 may be assessed. If
you had a person who had one prior felony conviction, and the way it
works is, a person who had one prior felony conviction who had been to
the penitentiary, served time, released from prison, and after that date
committed this alleged offense, then they would be looking at that. It's
called enhanced punishment range.


 Appellant's trial attorney did not object to the trial court's statements. 

 In the absence of fundamental error, an appellant's failure to object waives his
point of error on appeal. Cade v. State, 795 S.W.2d 43, 45 (Tex. App.--Houston [1st
Dist.] 1990, pet. ref'd). A trial court commits fundamental error when the error
directly and adversely affects the interest of the public generally, as such interest is
declared in statutes or the constitution of the State. Heiman v. State, 923 S.W.2d 622,
624 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). We therefore, consider
whether informing the jury of the punishment range prior to the punishment stage
constituted fundamental error.

 Article 36.01(a)(1) of the Code of Criminal Procedure provides, in pertinent
part:

The indictment or information shall be read to the jury by the attorney
prosecuting. When prior convictions are alleged for purposes of
enhancement only and are not jurisdictional, that portion of the
indictment or information reciting such convictions shall not be read
until the hearing on punishment is held as provided in Article 37.07.


Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 2002). Appellant relies
on Frausto v. State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982), for the proposition
that the trial court's statement was the "functional equivalent" of the reading of the
enhancement paragraph in violation of article 36.01(a)(1). We disagree. 

 When a jury is informed generally of the applicable range of punishment,
without having been read the precise allegations for enhancement, article 36.01(a)(1)
is not violated. Davis v. State, 630 S.W.2d 769, 772 (Tex. App.--Houston [1st Dist.]
1982, pet. ref'd). Here, the trial court stated that "[i]n some cases, under some
circumstances, . . . a [d]efendant who had one prior felony conviction" would be
subject to an enhanced punishment range. The trial court's statements were
sufficiently general to elicit concerns from the venire about sentencing a defendant
under an enhanced punishment range without informing it of appellant's prior
conviction for burglary of a habitation. We hold that the trial court did not commit
fundamental error when it addressed the venire. Accordingly, appellant's failure to
object waives any error.

 We overrule appellant's second point of error.Appellant's Failure to Testify

In his first point of error, appellant contends that the prosecutor made an
improper jury argument by commenting on appellant's failure to testify at trial. 
Specifically, appellant argues that the following comments by the prosecutor were
impermissible under the United States (3) and Texas (4) constitutions and article 38.08 of
the Texas Code of Criminal Procedure (5):

Mr. Thompson didn't have any doubt that the man who's sitting there
before you today is the person who committed this crime. Mr. Benjamin
didn't have any doubt that the person sitting here in front of you today
committed this crime. The testimony that you've heard here before has
been uncontradicted. There has been nobody to come forward and say,
this is not the man that committed this crime. You have not heard one
word to the contrary. 


(Emphasis added.) Appellant did not object to the prosecutor's argument. As a
general matter, to preserve error for review on appeal, a defendant must object to an
improper jury argument. Tex. R. App. P. 33.1; McFarland v. State, 989 S.W.2d 749,
751 (Tex. Crim. App. 1999); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996). In Cockrell, the Court of Criminal Appeals held that "a defendant's failure to
object . . . or . . . to pursue to an adverse ruling his objection to a jury argument
forfeits his right to complain about the argument on appeal." Cockrell, 933 S.W.2d
at 89. The court went on to explain that, in order to argue that the prosecutor made
an improper jury argument, an appellant must have "objected [at trial] and pursued
[the] objection to an adverse ruling." Id. Appellant did not preserve this alleged
error.

 We overrule appellant's first point of error.Closing Argument

In his third point of error, appellant argues that the prosecutor made improper
statements during his closing argument by referring to matters outside the record.

At the conclusion of the punishment stage of trial, the prosecutor stated the
following:

 There are people in our community who have been reduced to having
guns in their homes when they otherwise wouldn't have anything to do
with them. The sole purpose of having the weapon in their home is to
protect themselves from people like [appellant].


 Appellant's trial attorney objected to the prosecutor's argument, and the trial court
overruled the objection.

To constitute a proper jury argument, an attorney's statements must generally
fall within one of the following categories: (1) a summation of the evidence, (2) a
reasonable deduction from the evidence, (3) answers to arguments by opposing
counsel, and (4) a plea for law enforcement. Sandoval v. State, 52 S.W.3d 851, 857
(Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). To determine whether a party's
argument properly falls within one of these categories, we must consider the
argument in light of the entire record. Id. To constitute reversible error, the argument
must be extreme or manifestly improper, violate a mandatory statute, or inject into the
trial proceedings new facts that are found to be harmful to the accused. Id.

The State relies on Wilson v. State, 943 S.W.2d 43, 47 (Tex. App.--Tyler 1996,
pet. ref'd), for the proposition that the prosecutor's statement was a proper plea for
law enforcement. In Wilson, a prosecutor stated during closing argument that,
because of escalating crime, the legislature was considering legislation to allow
citizens to carry concealed handguns. Id. Wilson objected to the statement as not
being in evidence. Id. The Tyler Court of Appeals held that the statement was both
a response to Wilson's argument and a proper plea for law enforcement. Id. 

Appellant's case is analogous to Wilson. Here, the prosecutor's statements
merely informed the jury that people have guns in their homes for protection from
burglars. The evidence showed that appellant had prior convictions for credit card
abuse, burglary of a building, burglary of a motor vehicle, and twice for burglary of
a habitation. This evidence, plus the evidence that appellant confronted the
complainant with a knife and threatened him during the commission of the burglary,
constituted facts on which the prosecutor could permissibly base his plea for law
enforcement. See Sandoval, 52 S.W.3d at 857. We hold that the prosecutor's
statement was a proper plea for law enforcement. 

We overrule appellant's third point of error.

Ineffective Assistance of Counsel

In his fourth point of error, appellant argues that his trial counsel was
ineffective because he failed to object to inadmissible hearsay testimony. 
Specifically, appellant contends his trial counsel was ineffective because he did not
object to Benjamin's statement that appellant was previously in prison.

To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel's
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.--Houston [1st
Dist.] 1998), aff'd, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
establish that counsel's performance was so prejudicial that it deprived him of a fair
trial. Id. Thus, appellant must show that a reasonable probability exists that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.--Houston [1st Dist.] 1992, pet.
ref'd).

We cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). Appellant must overcome the presumption
that trial counsel's strategy was sound. Gamble, 916 S.W.2d at 93.

During cross-examination, the following exchange occurred between Benjamin
and defense counsel:

Defense: All right. But my question is this: Do you remember - do you
think you've ever seen [appellant] in your neighborhood?


Benjamin: No, not that I know of. The way I got it, he's been locked up all
those years.


Defense: I'm sorry, I didn't understand the last thing you said.


Court: [Defense counsel], just leave it there.


Defense: Okay. Thank you.


Court: Why don't you approach the bench.


 (Bench conference had.)


 He said, no, because he's been locked up all those years. I'm not
sure how many people heard that. But that's what he said. Do
you want him to repeat it? I don't mean to run your case.


Defense: No. I didn't hear that. Thank you.


Court: All right. (Bench conference ends.)


Appellant's trial attorney asked a question which in itself did not invite the
alleged hearsay statement. In answering, Benjamin offered the additional statement
that appellant had been "locked up." The record shows that trial counsel did not hear
or understand Benjamin's testimony. Appellant's attorney, when presented with the
choice of having Benjamin restate his answer, declined to have him do so in order to
prevent drawing attention to Benjamin's answer. See Garcia v. State, 887 S.W.2d
862, 881 (Tex. Crim. App. 1994) (holding that trial counsel's failure to request
limiting instruction did not constitute ineffective assistance where counsel testified
he did not want to draw more attention to the incriminating evidence). We conclude
that, under these facts, the failure of appellant's attorney to object to Benjamin's
statement did not constitute conduct that fell below an objective standard of
reasonableness under prevailing professional norms. See Howland, 966 S.W.2d at
104. We overrule appellant's fourth point of error.

Conclusion

 We affirm.






 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (6)

Do not publish. Tex. R. App. P. 47.
1. See Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2002).
2. See Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 2002).
3. U.S. Const. amend. V.
4. Tex. Const. art. I, § 10.
5. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979).
6. The Honorable Frank G. Evans, former Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.