**AFFIRM; and Opinion Filed December 1, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01620-CR

### ROBERT CHARLES THOMPSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80385-2012**

## MEMORANDUM OPINION

Before Justices O'Neill, Fillmore, and Chief Justice Thomas, Retired[1]
Opinion by Justice O'Neill

Appellant Robert Charles Thompson appeals his conviction for the offense of assault on a

public servant. He was found guilty after a bench trial and received a sentence of ten years'

confinement probated for four years. In two issues, appellant contends there was legally

insufficient evidence to support his conviction. We affirm the trial court's judgment. Because

the issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On September 3, 2011, the manager of a Collin County bar contacted police regarding

problems with a patron. In response, Officer Michael Bogacki, on foot patrol, entered the bar

and observed appellant. Bogacki is employed by the City of Plano as a police officer. Bogacki

---

[1]The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

observed that appellant had watery eyes and that appellant's breath smelled of alcohol. Bouncers at the bar told Bogacki that appellant had been asked to leave, but refused, and was argumentative. One of the bouncers also observed what he believed to be use of cocaine by appellant and his girlfriend. Bogacki believed that appellant might be committing the offense of public intoxication. When appellant exited the bar to obtain his car from the valet area, Bogacki detained appellant to investigate. Appellant refused to give Bogacki his driver's license when Bogacki requested it, and walked away. Another police officer instructed appellant to return to Bogacki. Appellant was argumentative and demanded that Bogacki perform a field sobriety test. Bogacki did so. He administered the horizontal gaze nystagmus test on appellant, which showed six out of six clues of intoxication. Appellant refused to take the walk and turn test, and walked away toward the valet. Bogacki then placed appellant under arrest for public intoxication.

Bogacki then attempted to place appellant in the back seat of a squad car. He opened the rear side passenger door. Appellant refused to get into the car. Bogacki pushed appellant into the car, and appellant continued to resist. Appellant refused to pull his legs into the car. When Bogacki attempted to fasten appellant's seat belt, appellant kicked Bogacki in the knee. Bogacki testified that the kick was painful, and his knee "slightly hyperextended" or bent backwards. Bogacki then grabbed appellant's foot "and muscled it into the car and shut the door."

Another City of Plano police officer, Chris Poligala, witnessed the kick. He was standing on Bogacki's left, toward the rear of the vehicle. When he witnessed the kick, Poligala pressed the button on the car's video recorder so that the previous ten seconds would be captured. He explained that only the video, not the audio, would be activated. The audio would begin to record ten seconds later. The video was admitted into evidence at trial. The camera was located on the driver's side of the car. Appellant was seated facing outward on the passenger side of the car. Therefore only appellant's back is visible on the recording.

–2–

James Appleton testified as a witness for appellant. Appleton owns a video production company and testified that he is a video and audio expert. He often works for federal and state law enforcement performing video and audio surveillance analysis. Appleton testified that he "had some real problems" with the video of appellant taken from the squad car. First, it would have been possible to obtain a "full screen view" of appellant in the back seat of the car. Second, there was no audio. Third, the video should have begun earlier, when Bogacki first attempted to seat appellant in the car. Appleton testified that most systems would allow several minutes or at least a full minute or to be captured when the button was pressed, rather than ten seconds. Appleton also testified that he enhanced the video, and stated that in his opinion appellant did not kick Bogacki: "There is no body language that is associated with that kick. There was no moving back of the body. There was no extension of the knee." The enhanced video "clearly showed" that appellant's leg was bent, not extended, at the time of the alleged kick. Appleton also testified that in his opinion the video offered by the State had been altered because it was "completely inconceivable" that the ten-second recording would begin exactly when Bogacki said "You kicked me" to appellant.

The video identified by Poligala was admitted into evidence as State's Exhibit 1. The enhanced video identified by Appleton was admitted into evidence as Defense Exhibit 2. Both videos were played for the trial court at the trial and are included in the appellate record.

## STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences from that evidence, a rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). Direct and circumstantial evidence are

–3–

treated equally, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Because the fact finder is the sole judge of the witnesses' credibility and the weight to be given the evidence, the reviewing court defers to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and inferences drawn. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

## APPLICABLE LAW

A person commits assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *See* TEX. PEN. CODE ANN. §§ 22.01(a)(1); 22.01(b)(1) (West Supp. 2014). Appellant does not challenge the State's allegations that Bogacki was a public servant lawfully discharging an official duty. His only contention is that the evidence is insufficient to show that he caused bodily injury to Bogacki.

## APPLICATION OF LAW TO FACTS

In his first issue, appellant argues that the evidence is insufficient to support the trial court's finding of guilty because "the State's photos and videos clearly show that Appellant did not commit the offense." He argues that the trier of fact chose to believe the inconsistent testimony of two police officers "over the irrefutable video and photographic evidence." He contends the evidence must be sufficient for a "rational" trier of fact to find all of the elements of the offense beyond a reasonable doubt, and it was not rational for the trial court to believe the police officers when their testimony was inconsistent and was refuted by the video evidence.

Appellant argues the police officers' testimony is inconsistent about where Poligala was standing. Poligala testified he was standing toward the rear of the vehicle, to Bogacki's left, while Bogacki testified Poligala was near the front door, which would have been to Bogacki's right. Appellant argues this is just one of the "material inconsistencies" in the officers'

–4–

testimony. He urges, however, that the "best evidence of what occurred that evening" is in the State's own video, and pictures taken from the video. He contends that neither the video nor the pictures show any "body language that is associated with a kick." He argues the video shows his leg was bent, not extended, and he was leaning forward, not back, when the kick allegedly occurred. He compares the evidence to the hypothetical convenience store robbery described in *Brooks* in which a witness identifies person A as the perpetrator, but surveillance video shows that person B actually committed the offense. *See Brooks*, 323 S.W.3d at 907. He contends the video shows he did not commit the offense, and concludes that the State failed to prove each of the essential elements of assault on a public servant.

The State responds that two officers testified unequivocally that appellant kicked Bogacki. The officers' testimony was based on their presence and observations at the scene. The video, filmed from behind appellant, shows appellant "moving and struggling," but does not show his legs at the moment of the kick. The video was not conclusive support for either the officers' or appellant's version of events, and therefore the trial court was required to make its finding of guilt or innocence based on the credibility of the witnesses.

Although Appleton testified there was no kick, his opinions were based on the limited view of the video. And Appelton conceded that his expertise extended only to the technical aspects of the recordings, and did not include any scientific knowledge of human movement. His testimony about appellant's movements, or lack of movement, was "common sense" that any layperson including the trial judge would have. While the trial court could have accepted Appleton's interpretation of the video and pictures, and rejected the officers' testimony, it did not do so. The trial court was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Brooks*, 323 S.W.3d at 899. "[T]he evidence is not rendered insufficient simply because appellant presented a different version of the events." *Temple v.*

*State*, 390 S.W.3d 341, 363 (Tex. Crim. App. 2013) (quoting *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)); *see also Castilla v. State*, 374 S.W.3d 537, 540 (Tex. App.—San Antonio 2012, pet. ref'd) (distinguishing *Brooks* hypothetical where video evidence did not "conclusively disprove" but "merely called into question" eyewitness's credibility). We conclude there was legally sufficient evidence to support each element of the offense of assault on a public servant. *See* TEX. PEN. CODE ANN. §§ 22.01(a)(1); 22.01(b)(1). We overrule appellant's first issue.

Because of our conclusion that the evidence was legally sufficient to support appellant's conviction for assault on a public servant, we need not address his second issue that in the alternative he should be convicted of the lesser offense of resisting arrest. We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131620F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT CHARLES THOMPSON,
Appellant

No. 05-13-01620-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-80385-2012.
Opinion delivered by Justice O'Neill; Justice
Fillmore and Chief Justice Thomas (Ret.),
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of December, 2014.