Mark Albert **PYYKOLA,** Appellant,

v.

The **STATE** of **Texas,** Appellee.

No. B14–91–00083–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1991.

Discretionary Review Refused Nov. 6, 1991.

Bob Wicoff, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Mark Albert Pyykola, appeals his judgment of conviction for the misdemeanor offense of resisting arrest. Texas Penal Code Ann. § 38.03 (Vernon) (1989). The jury rejected appellant's not guilty plea and the Court assessed punishment at sixty (60) days confinement in the Harris County jail probated for one year and a fine of four hundred (400) dollars. We affirm.

In appellant's sole point of error, he asserts that the trial Court erred in failing to instruct the jury, over appellant's objection, that the culpable mental states of "intentionally" and "knowingly" applied to the result of appellant's conduct, rather than to the conduct, itself.

Appellant was charged with resisting arrest under Tex.Penal Code § 38.03, which provides in pertinent part as follows:

(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

(b) It is no defense to prosecution under this section that the arrest or search was unlawful.

Tracking the language of the information, the application portion of the charge on count one reads as follows:

Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about March 6th, 1990, in Harris County, Texas, the defendant, Mark Albert Pyykola, did unlawfully intentional-ly obstruct or prevent the arrest of the defendant by Leon Davis, hereafter styled the complainant, by use of force against the complainant, namely, by pushing the complainant in the chest, knowing that the complainant was a peace officer, you shall find the defendant "guilty."

The jury charge included the statutory definition of "intentionally," the culpable mental state required by § 38.03 and alleged in the information. This definition was set out as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Defense counsel, citing *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1986), argued that this definition should be modified to read as follows:

A person acts intentionally, or with intent, with respect to the result of his conduct when it is his conscious objective or desire to cause the result.

The trial court denied the requested charge. It is appellant's contention that failure to give the above requested instruction resulted in error under *Alvarado v. State, supra.*

Appellant contends that § 38.03 is intended to prohibit the "result" of an individual's conduct, not the conduct. Thus appellant asserts that he was entitled to a charge limiting the statutory definition of "intentionally" by allowing the jury to find appellant guilty only if it was his "conscious objective to cause the result" of resisting arrest.

Appellant bases his argument on *Alvarado v. State, supra*, which found that injury to a child required the State to prove that appellant intended the actual injury, and *Kinnamon v. State*, 791 S.W.2d 84 (Tex. Crim.App.1990), which found Capital murder to be a "result of conduct" offense. However, the court in *Alvarado* also noted that only some offenses are "result" oriented, and stated that it is a "simple matter"

to distinguish between "result" oriented and "nature of the conduct" offenses. While we find the matter not quite so simple in every case, it is relatively easy, using *Alvarado* and subsequent cases as a guide, to determine that the instant offense of resisting arrest is not purely a "result" oriented offense.

In resisting arrest, it is clear that the focus is on the conduct of the individual committing the resistance or interference. Regardless of whether the arrest or search was successful or not, there is a danger inherent in the defendant's use of force, and the law is intended to discourage that use of force. *See* TEX.PENAL CODE § 38.-03—practice commentary—(Vernon 1989). This is evidenced by the fact that it matters not whether the defendant's conduct actually prevented the arrest or search. In fact, it is no defense that the arrest or search itself was *illegal.* TEX.PENAL CODE § 38.03(b). If the intent of the law were merely to ensure that lawful arrest and searches are carried out, then it would seem that force used in illegal searches or arrests would not be unlawful. Rather, the intent of the law appears to be discouraging the conduct of using force against a police officer, regardless of whether that officer was acting lawfully or not.

That the focus of the law is on the conduct of the defendant is further evidenced by the fact that resisting arrest is aggravated if the defendant uses a deadly weapon. *See* TEX.PENAL CODE § 38.03(d). As the Court noted in *Bosier v. State,* 771 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd):

> If the form of robbery alleged is "aggravated" by the use of a deadly weapon, that refers to the nature of conduct rather than the result. That is, a weapon is "deadly" if it is "capable" of causing serious bodily injury in the manner of its use, without regard to whether the actual result is the infliction of serious bodily injury.

*Id.,* at 224. *See also, Garza v. State,* 794 S.W.2d 497 (Tex.App.—Corpus Christi 1990, pet. ref'd) (following *Bosier* in finding that general definition of intentionally and knowingly correct in an aggravated robbery case).

Resisting arrest, requires that the actor "intentionally" committed the conduct, thus indicating that this offense is not a "specific result" type of crime. We find that the charge as given, correctly tailored the required culpable mental state to the facts of the case. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.