



## OPINION

No. 04-11-00267-CR

Michael **CASTILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR9543
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:　Rebecca Simmons, Justice

Sitting:　Rebecca Simmons, Justice
　　　　　Steven C. Hilbig, Justice
　　　　　Marialyn Barnard, Justice

Delivered and Filed:　June 20, 2012

AFFIRMED

Appellant Michael Castilla was convicted by a jury for felony evading arrest and was assessed a twenty year prison sentence. He raises two points of error on appeal: (1) the evidence was legally insufficient to support the verdict, and (2) the trial court erroneously refused to include a spoliation instruction in the jury charge. We affirm the trial court's judgment.

## BACKGROUND

At 2:30 a.m., on June 17, 2009, Castle Hills Police Officer Stephen Anderson clocked a Ford Bronco traveling fifty-two miles per hour in a thirty-five mile-per-hour zone. The officer activated his cruiser's overhead emergency lights. Instead of pulling over, the driver accelerated. Anderson notified dispatch, and three other patrol cars joined the chase. The pursuit lasted approximately ten minutes, the Bronco committed numerous traffic violations, and the vehicles reached speeds over eighty miles per hour. At one point, the Bronco made a U-turn, almost striking Officer Michael Burton's vehicle. Burton's police cruiser was equipped with a dashboard-mounted video camera that recorded the near-collision.

At the beginning of the chase, the Bronco contained four occupants—two males and two females. Twice during the chase, the Bronco stopped to allow the females to exit. A handgun and a Texas identification card fell out of the Bronco when one of the females exited. The driver and the other male passenger resumed their flight in the vehicle, and the chase continued. While speeding through a residential neighborhood, the Bronco made an abrupt stop. The two males exited the vehicle, jumped a nearby fence, and escaped into the night.

After failing to apprehend any of the suspects, police began investigating the abandoned vehicle. The Officers also recovered the contents that fell out of the Bronco. The identification card belonged to Castilla. Several documents belonging to Castilla were found in the Bronco, including his tax return and a financial statement from his bank. It was also discovered that the Bronco was registered to Castilla's mother.

Six days later, Castilla was arrested. He was indicted for evading arrest. The charge was enhanced with allegations of previous convictions including evading arrest. Castilla pleaded not guilty, and the case proceeded to jury trial. Officer Burton testified at trial that he was able to

positively identify Castilla as the driver of the fleeing Bronco based on the officer's brief view of the driver when the Bronco almost hit his cruiser. The jury found Castilla guilty as charged. He was assessed a maximum punishment of twenty years. Castilla appeals the conviction.

LEGAL SUFFICIENCY

Castilla contends that the video recording from the dashboard-camera on Officer Burton's police cruiser contradicts Burton's eyewitness testimony that identified Castilla and is, consequently, insufficient to support the verdict. We disagree.

## A. Standard of Review

In reviewing the legal sufficiency of the evidence in a criminal case, a reviewing court examines "the evidence in the light most favorable to the prosecution" and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). This standard requires an appellate court to defer to the fact-finder's credibility and weight determinations. *Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979). An eyewitness's testimony, alone, can be legally sufficient to support a guilty verdict. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). Additionally, "circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## B. Evading Arrest

A person evades arrest "if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West 2003); *Calton v. State*, 176 S.W.3d 231, 232, 234 (Tex. Crim. App. 2005). At the time the offense was committed, it was a felony of the third degree if the person used a vehicle while evading arrest

and had been previously convicted of the offense. TEX. PENAL CODE ANN. § 38.04(b)(2);[1] *Calton*, 176 S.W.3d at 234. Castilla contends that the evidence is legally insufficient to establish his identity or that he "used" the vehicle as required to sustain a felony conviction for evading arrest because there is legally insufficient evidence to establish that he was the driver. He does not dispute any other element of the offense.

## C. The Hypothetical in *Brooks v. State*

In support of his legal sufficiency challenge, Castilla relies heavily on the following "robbery-at-a-convenience-store" hypothetical situation used in *Brooks v. State* to illustrate that eyewitness testimony is not afforded unlimited deference by a reviewing court:

> The store clerk at trial identifies A as the robber. A properly authenticated surveillance videotape of the event *clearly* shows that B committed the robbery. But, the jury convicts A. It was within the jury's prerogative to believe the convenience store clerk and disregard the video. But based on *all* the evidence the jury's finding of guilt is not a rational finding.

*See Brooks*, 323 S.W.3d at 907 (first emphasis added) (quoting *Johnson v. State*, 23 S.W.3d 1, 15 (Tex. Crim. App. 2000) (P.J. McCormick, dissenting)).

Castilla's reliance on the hypothetical in *Brooks* is misplaced. The hypothetical contemplates that video evidence conclusively disproves an eyewitness's testimony and, therefore, a rational juror could not find guilt beyond a reasonable doubt. *See id.* Castilla seeks to distort the hypothetical to encompass a situation where an eyewitness's credibility is merely called into question. Unlike in the *Brooks* hypothetical, the dashboard-camera's video recording does not clearly show that someone other than Castilla was driving the Bronco. All parties concede on appeal that the video is of poor quality and does not clearly identify the driver. On both direct and cross-examination, Officer Burton stated that his visual perception of the driver

---

[1] Section 38.04(b) was amended in 2009 and 2011. These amendments are not applicable here because Castilla's crime occurred prior to the date the amendments became effective.

was better and clearer than the video-recorded version because the dashboard-camera only records images in one direction and it does not rotate. *Cf. Madden v. State*, 242 S.W.3d 504, 516 (Tex. Crim. App. 2007) (deferring to a trial court's assessment that no contested fact issue was raised where an officer testified that his visual perception of a defendant's behavior—shaking, trembling, and nervousness—was much clearer than the video footage captured from his patrol car's camera). Burton further stated that when the Bronco almost hit his cruiser, he was able to see things that were not clearly visible on the video. Accordingly, the *Brooks* hypothetical is inapposite. *Cf. id.* (commenting on the lack of clarity of dashboard-mounted video recordings).

## D. The Evidence Is Legally Sufficient

Officer Burton testified that he got a "good look" at the driver when the Bronco almost hit his cruiser. He was able to immediately report to dispatch that the driver was Hispanic with a medium build, had short, buzz-cut hair, and was wearing a white shirt. When he was given the Texas identification card that fell out of the fleeing vehicle, Burton was able to positively identify the driver of the vehicle as the person pictured in the identification card.

In addition to Officer Burton's direct testimony implicating Castilla as the driver of the fleeing vehicle, the record contains circumstantial evidence that supports the jury's guilty verdict. The Texas identification card that fell out of the vehicle belonged to Castilla. Additionally, the vehicle was registered to Castilla's mother. Further, documents belonging to Castilla, including his tax return, were found inside the abandoned vehicle.

Based on Officer Burton's eyewitness testimony and the circumstantial evidence admitted into the record, the jury could have reasonably concluded that Castilla drove the Bronco during the evasion. Accordingly, the evidence was legally sufficient to establish that Castilla knew peace officers were lawfully attempting to detain him and that Castilla intentionally fled

from the officers while using a vehicle. *See* TEX. PENAL CODE ANN. § 38.04; *see also Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 894–95. Castilla's first point of error is overruled.

## SPOLIATION INSTRUCTION

In Castilla's second point of error, he contends that the trial court erroneously refused to submit a spoliation instruction to the jury.

### A. Standard of Review

We review alleged jury charge error in two steps: first, we determine whether error exists, and if error exists, we review for harm. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Howard v. State*, 239 S.W.3d 359, 365 (Tex. App.—San Antonio 2007, pet. ref'd).

### B. Criminal Spoliation Jurisprudence

In criminal cases involving allegations that the State failed to preserve evidence, the United States Supreme Court has held that "unless a criminal defendant can show *bad faith* on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (emphasis added). The Court of Criminal Appeals has routinely affirmed and applied the *Youngblood* standard. *See, e.g.*, *State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 503 & n.49 (Tex. Crim. App. 2011); *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010); *Ex parte Brandley*, 781 S.W.2d 886, 894 (Tex. Crim. App. 1989).[2]

---

[2] Only one appellate court has altered the "bad faith" requirement provided in *Youngblood*; however, the case was reversed on preservation of error grounds. *See Pena v. State* (*Pena III*), 226 S.W.3d 634, 651–53 (Tex. App.— Waco 2007) (determining that the State has a duty to preserve both material, exculpatory evidence and potentially useful evidence and the court should consider "the degree of *negligence* or bad faith") (emphasis added), *rev'd on other grounds by* (*Pena IV*), 285 S.W.3d 459 (Tex. Crim. App. 2009). The Fourth Court of Appeals has explicitly declined to follow the holding in *Pena III*. *See Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.); *Ramirez v. State*, No. 04-07-00746-CR, 2008 WL 4595015, at *2 (Tex. App.—San Antonio Oct. 15, 2008, pet. ref'd) (mem. op., not designated for publication). Additionally, eight of our sister courts of appeals have declined to follow *Pena III*. *See Ramirez*, 2008 WL 4595015, at *2 & n.1 (noting that Amarillo, Austin, Corpus Christi, Dallas, Eastland, Fort Worth, and Houston (1st and 14th Districts) have declined to follow *Pena III*).

## C. The Trial Court Did Not Err

The video recording taken from Officer Burton's cruiser was published to the jury during direct examination of Officer Burton. During cross-examination, Castilla objected that the DVD that was played to the jury did not contain audio. Officer Burton testified that his cruiser's video camera begins recording when he activates his emergency overhead lights. He stated that normally the audio recording begins automatically. However, he could not explain the absence of audio from the recordings. Officer Anderson, one of the other pursuing officers, also testified that the sound was missing from his cruiser's recording of the chase. Anderson stated that it was not unusual for the system to fail to record audio. Both officers testified that to their knowledge, the sound had never been recorded on the morning of the chase. Additionally, they both testified that the recordings were accurate and had never been altered.

Castilla contended at trial and now on appeal that had the audio been provided, it may have been favorable to his case. At the jury charge conference, Castilla requested a spoliation instruction. He stated that criminal spoliation jurisprudence in the Texas courts of appeals is modeled after the Texas Supreme Court's holding in *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718 (Tex. 2003), which does not require a bad faith showing. Castilla's assertion is flawed for at least two reasons.

First, *Johnson* does not hold that bad faith is not required in civil cases—the Texas Supreme Court expressly declined to discuss the level of culpability (i.e., bad faith or negligence) necessary for a spoliation instruction. *See Johnson*, 106 S.W.3d at 722 ("[W]e need not decide whether a spoliation instruction is justified when evidence is unintentionally lost or destroyed, or if it is, what standard is proper."). Second, this court has found only two criminal cases that cite to *Johnson*, and neither of them extended the application of *Johnson* to criminal

proceedings.[3]  As discussed above, both the Court of Criminal Appeals and the Fourth Court of Appeals continue to apply *Youngblood*'s bad faith standard.  Therefore, the trial court did not err in refusing to submit a spoliation instruction based on Castilla's objection.  *See Ex parte Napper*, 322 S.W.3d at 229; *Howard*, 239 S.W.3d at 365; *cf. Ngo v. State*, 175 S.W.3d at 743.

## D.  Constitutional Arguments

Castilla contends for the first time on appeal that the trial court's failure to submit a spoliation instruction violated his constitutional rights afforded by article I section 19 of the Texas Constitution.  *See* TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.").  Castilla has waived this argument.  In *Pena v. State*, the Court of Criminal Appeals held:

> by failing to distinguish the rights and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, Pena failed to preserve his complaint that the due course of law provides greater protection for appellate review.

*Pena v. State (Pena IV)*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).  Here, Castilla's argument to the trial court was simply that the Texas courts are applying a non-bad faith standard in criminal spoliation cases.  Not only did he fail to distinguish between the different protections afforded by the Texas and federal constitutions, he presented no constitutional argument whatsoever to the trial court.  *See id.* ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").  Thus, he has waived this argument.  *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring a specific request, objection, or motion to preserve a claim of error on appeal); *Pena IV*, 285 S.W.3d at 464.

---

[3] *See Chavis v. State*, No. 13-10-00547-CR, 2012 WL 592998, at *5 (Tex. App.—Corpus Christi Feb. 23, 2012, no pet.) (mem. op., not designated for publication); *Hennings v. State*, 343 S.W.3d 433, 441 (Tex. App.—El Paso 2010, no pet.).

## CONCLUSION

The evidence was legally sufficient to support Castilla's conviction for evading arrest. Additionally, the trial court did not err in refusing to include a spoliation instruction in the jury charge. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

PUBLISH